# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLENE YANTO AND JAMES CARL DELEON, HER HUSBAND<br><br>                           Plaintiffs,<br><br>  vs.<br><br>DONALD ROSS, JR., YRC, INC., JOHN DOES 1-10 & ABC CORPORATIONS 1-10,<br><br>                      Defendants. | Civil Action No.:<br><br><br><br>**NOTICE OF REMOVAL AND COPIES OF ALL PROCESS AND PLEADINGS** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, YRC, Inc. (hereinafter "YRC") submits the following Notice of Removal from the Superior Court of New Jersey, Law Division, Union County, the Court in which the above-referenced matter is now pending, to the United States District Court for the District of New Jersey.  In support of its Notice of Removal, YRC states as follows:

1.    This action arises out of a collision between Plaintiff, Charmaine Yanto, a pedestrian, and a truck driven by former YRC employee Donald Ross, Jr.

2.    Plaintiffs commenced this action on May 20, 2022 by filing a Complaint in the Superior Court of New Jersey, Law Division, Union County, bearing docket number L-1475-22. (*See Exhibit A*).

3.    Pursuant to 28 U.S.C. § 1446(a), YRC attaches copies of all process, pleadings and orders served upon it, including: a true and correct copy of Plaintiffs' Complaint.

**Timeliness of Removal and Amount in Controversy**

4.      YRC was served on June 2, 2022. This Notice of Removal is being filed within thirty (30) days after service of the complaint and is therefore timely pursuant to 28 U.S.C. § 1446(b).

5.      Plaintiffs' Complaint alleges that Mrs. Yanto, and her husband, suffered severe, serious, and permanent injuries. In conversations with plaintiff's counsel, he made clear that any settlement demand would be in the "six-figures," Accordingly, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship**

6.      According to the Complaint Plaintiffs are individuals residing in New Jersey. Therefore, it is presumed that Plaintiffs are citizens of New Jersey.

7.      YRC is incorporated in the State of Delaware with its principal place of business in the State of Kansas.

8.      Defendant Donald Ross has not been served and thus his citizenship should be disregarded for the purposes of determining diversity.

9.      Accordingly, pursuant to 28 *U.S.C.* § 1332 (c)(1), diversity of citizenship exists between the parties.

**Plea for Removal**

10.     28 U.S.C. §1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

11.     There is diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement of seventy-five thousand dollars ($75,000.00); therefore, this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. §1441.

12.     Written notice is being given to all parties and to the Superior Court of New Jersey, Law Division, Union County that this Notice of Removal is being filed with this Court.

**WHEREFORE**, YRC respectfully requests that the entire state court action under UNN-L-1475-22, currently pending Superior Court of New Jersey, Law Division, Union County, be removed to this Court for all further proceedings.

**GOLDBERG SEGALLA, LLP**

**BY:** */s/ Christopher P. Midura*
CHRISTOPHER P. MIDURA, ESQUIRE
Date:  June 24, 2022            *Attorneys for Defendant, YRC, Inc*

33746385.v1

# Exhibit A

**DAVID T. FERRARA, Esq. (#04613-1994)**
**Levinson Axelrod, P.A.**
2 Lincoln Highway, P.O. Box 2905
Edison, NJ 08818
T: (732) 494-2727
F: (732) 494-2712
dferrara@njlawyers.com
*Attorneys for Plaintiffs Charmaine Yanto, and James Carl Deleon, her husband*

|  |  |  |
|---|---|---|
| **CHARMAINE YANTO AND JAMES CARL DELEON, HER HUSBAND,** | : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – UNION COUNTY |
|  | : |  |
| Plaintiff, | : | Civil Action |
|  | : |  |
| v. | : | **COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL ATTORNEY, DEMAND FOR INSURANCE INFORMATION, DEMAND FOR ANSWERS TO UNIFORM C AND C(1) INTERROGATORIES AND SUPPLEMENTAL INTEROGATORIES, NOTICE TO PRODUCE AND SUPPLEMENTAL NOTICE TO PRODUCE** |
| **DONALD ROSS, JR., YRC, INC., JOHN DOES 1-10 & ABC CORPORATIONS 1-10,** | : |  |
|  | : |  |
| Defendants. | : |  |

Plaintiff, **CHARMAINE YANTO**, residing at 803 South Springfield Avenue, in the Municipality of Springfield, County of Union and State of New Jersey says that:

## FIRST COUNT

1.      On or about October 5, 2021, the plaintiff, **CHARMAINE YANTO**, was a pedestrian in a crosswalk on South Springfield Avenue in the Municipality of Springfield, County of Union, and State of New Jersey.

2.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was the driver of a truck owned by **YRC, INC.**, which was making a left turn onto South Springfield Avenue from Hillside Avenue in the Municipality of Springfield, County of Union and State of New Jersey.

3.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was negligent and careless in the operation, maintenance, and/or control of their vehicle so as to strike and collide with the vehicle being operated by the plaintiff, **CHARMAINE YANTO**.

4.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was an employee of defendant **YRC, INC.**

5.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was an agent of defendant **YRC, INC.**

6.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was a servant of defendant **YRC, INC.**

7.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was operating the motor vehicle with the express permission of defendant **YRC, INC.**

8.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was within the scope of his employment for defendant **YRC, INC.**

9.      At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was performing functions on behalf of defendant **YRC, INC.**

10.     At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was under the control of defendant **YRC, INC.**

11.     At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was under the control of defendant **YRC, INC.**

12.     At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was under the supervision of defendant **YRC, INC.**

13.     At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was under the direction of defendant **YRC, INC.**

14.     At the time and place aforesaid, the defendant, **DONALD ROSS, JR**, was a sub-contractor of defendant **YRC, INC.**

15.     As a direct and proximate result of the negligence of defendant, **DONALD ROSS, JR**., in the operation, control, maintenance and/or supervision of said motor vehicle, a collision occurred, and the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; they were caused to lose time from their employment and will, in the future, be caused to lose time from their employment; they were caused to incur medical expenses and will, in the future be caused to incur medical expenses; they have been and will be in the future be disabled and prevented from attending to their necessary affairs and business.

**WHEREFORE**, the plaintiff, **CHARMAINE YANTO**, demands judgment against the defendant, **DONALD ROSS, JR**. for damages, interest and costs of suit.

## SECOND COUNT

1.     Plaintiff, **CHARMAINE YANTO**, repeats and realleges the allegations of the First Count of the Complaint as if more fully set forth at length herein.

2.     At the time and place aforesaid, the defendant, **YRC, INC.**, was the owner of a motor vehicle, who negligently entrusted their motor vehicle to defendant, **DONALD ROSS, JR**.

3.     As a direct and proximate result of the negligence of defendant, **YRC, INC.**, in the ownership, entrustment, operation, control, maintenance and/or supervision of said motor vehicle, a collision occurred, and the plaintiff was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; they were caused to lose time from their employment and will, in the future, be caused to lose time from their employment; they were caused to incur medical expenses and will, in

the future be caused to incur medical expenses; they have been and will be in the future be disabled and prevented from attending to their necessary affairs and business.

**WHEREFORE**, the plaintiff, **CHARMAINE YANTO**, demands judgment against the defendant, **YRC, INC.**, for damages, interest and costs of suit.

## THIRD COUNT

1.      The plaintiff, **CHARMAINE YANTO** repeats and re-alleges the allegations contained in the First and Second Counts, and makes them a part hereof, as though the same were more fully set forth herein and made a part hereof.

2.       At the time of the accident in question, defendant, **DONALD ROSS, JR** and/or JOHN DOES 1-10 were acting as the agents, servants and/or employees of defendant, **YRC, INC.** and/or JOHN DOES 1-10 and/or ABC CORPORATIONS 1-10.

3.      Defendant, **YRC, INC.** and/or JOHN DOES 1-10 and/or ABC CORPORATIONS 1-10, are legally responsible for the actions of their agents, servants and/or employees, **DONALD ROSS, JR,** and/or JOHN DOES 1-10, and therefore are responsible for the plaintiffs' injuries under the principles of respondeat superior, vicarious responsibility and/or agency.

WHEREFORE, the plaintiff, **CHARMAINE YANTO**, hereby demands judgment against the defendants, **DONALD ROSS, JR, YRC, INC.**, and/or JOHN DOES 1-10 and/or ABC CORPORATIONS 1-10., for damages, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff, **CHARMAINE YANTO**, repeats and realleges the allegations of the First, Second, and Third Counts of the Complaint as if more fully set forth at length herein.

2.      At the time and place aforesaid **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, negligently and/or carelessly operated, owned, maintained, controlled and/or supervised said motor vehicle and as a direct result of said negligence, caused the collision at issue herein.

3.      As a direct and proximate result of the negligence of the defendant, **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, the plaintiff, **CHARMAINE YANTO**, was caused to sustain severe, serious and permanent injuries. Plaintiff was caused to suffer great pain and anguish and will in the future be caused to suffer great pain and anguish; they were caused to lose time from their employment and will, in the future, be caused to lose time from their employment; they were caused to incur medical expenses and will, in the future be caused to incur medical expenses; they have been and will be in the future be disabled and prevented from attending to their necessary affairs and business.

**WHEREFORE,** the plaintiff, **CHARMAINE YANTO**, demands judgment against the defendants, **JOHN DOES 1-10** and **ABC CORPORATIONS 1-10**, individually, jointly and severally and in the alternative for damages, interest and costs of suit.

## **FIFTH COUNT**

1.      Plaintiff, **CHARMAINE YANTO**, repeats and realleges the allegations of the First, Second, Third, and Fourth Counts of the Complaint as if more fully set forth at length herein.

2.      The plaintiff herein alleges that there was a breach of *N.J.S.A.* 39:4-1, *et seq.* and other regulations and that constitutes a statutory tort.

**WHEREFORE,** the plaintiff, **CHARMAINE YANTO**, demands judgment against the defendants, **DONALD ROSS, JR., YRC, INC., JOHN DOES 1-10** & **ABC CORPORATIONS 1-10**, jointly, severally, or in the alternative for damages, interest and costs of suit.

## SIX COUNT

1.  Plaintiff, **CHARMAINE YANTO**, repeats and realleges each of the allegations of the First, Second, Third, Fourth, and Fifth Counts as if set forth herein at length and makes same a part hereof.

2.  Plaintiff, **JAMES CARL DELEON**, is the husband of the plaintiff, **CHARMAINE YANTO**.

3.  As a result of the injuries sustained by the plaintiff, **CHARMAINE YANTO**, plaintiff, **JAMES CARL DELEON**, has, and in the future, will be caused to expend monies for medical treatment of the plaintiff; has and in the future will suffer the loss of services and society of the plaintiff, **CHARMAINE YANTO**.

WHEREFORE, Plaintiffs, **JAMES CARL DELEON** and **CHARMAINE YANTO**, demand judgment against the defendants jointly, severally or in the alternative for damages and cost of suit.

## JURY DEMAND

Plaintiff puts all parties on notice of a demand for trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates DAVID T. FERRARA, Esq. as trial counsel in the above captioned litigation pursuant to *Rule* 4:25-4.

## CERTIFICATION

The undersigned hereby certifies that this matter was the subject of an Order to Show Cause under docket number: UNN-L-4020-21.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to *Rule* 4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## DEMAND FOR ANSWER TO INTERROGATORIES

Demand is hereby made on the defendant to answer fully and responsively Form C and Form C(1) Uniform Interrogatories, found in Appendix II as provided by *Rule* 4-17-1(b)(ii) and other applicable Rules of Court. Demand is hereby made that Defendant answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

## SUPPLEMENTAL INTERROGATORIES (AUTO)

S1.   Set forth the location that the defendant last entered his or her vehicle prior to the time of this collision, as well as the intended destination for same when the accident in question occurred.

S2.   Set forth whether or not the defendant was operating the vehicle in question in the course of his or her employment, or for the benefit of any other individual and/or entity. If your answer to this interrogatory is in the affirmative, set forth your basis for same.

S3.   Set forth the nature and location of any and all obstructions to your view which were present at the time and location of the collision in question, as well as the effects of same on your ability to operate your vehicle at the time of this accident.

S4.   Set forth whether or not you contend that any other vehicles, other than the vehicles operated by the parties involved in this lawsuit, played any role in the happening of this collision, as well as your basis for same.

S5.     Set forth whether or not you contend that the condition of the roadway, signage, weather and/or lighting played any role in the happening of this collision, as well as your basis for same.

S6.     Do you contend that the plaintiff violated any provisions of New Jersey's motor vehicle statute at the time of the accident?  If so, identify the provision and set forth all facts that support your contention.

S7.     Do you contend that the force of the impact and/or the damage sustained by any of the vehicles involved in this collision is relevant in any way to this matter?  If so, set forth in complete detail what the basis for this contention is.

S8.     Do you contend that any injuries and/or disabilities suffered by the plaintiff as a result of this collision were actually caused by any pre-existing conditions, prior injuries, subsequent injuries and/or subsequent conditions?  If so, give a full and detailed factual basis for these contentions.

S9.     Did you own or otherwise have a cell phone available for your use at the time of this collision, and if so, set forth the cellular phone carrier and telephone number for same.

S10.    Set forth whether or not the defendant's vehicle was registered as a commercial vehicle at the time of the collision in question and attach a true and accurate copy of the vehicle's registration which was in place at the time.

### <u>NOTICE TO PRODUCE</u>

Pursuant to *Rule* 4:18-1, the plaintiff hereby demands that the defendants produce the following documentation within thirty-five (35) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update its response thereto as new information or documentation comes into existence.

1.     The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declarations page.

2.     Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3.     Copies or duplicates of any and all photographs, motion pictures, video, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question. Original digital media should be emailed (unedited, uncompressed in the original file format) to dferrara@njlawyers.com.

4.     Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5.     Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6.     Copies of any and all discovery received from any other parties to the action in question.

7.     Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B), I.S.O. ClaimSearch or from any other source.

8.      Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition of the plaintiff in this matter; whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

9.      Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

10.     A list of all passengers in defendant's vehicle, including names, relationship to defendant, address on October 5, 2021 and whether or not the individual is represented by counsel in this matter.

11.     A list of the cell phone number used by defendant on October 5, 2021 as well as the carrier providing service for said line.

12.     A list of all resident relatives of defendant on October 5, 2021.

13.     A list of all vehicles registered to defendant's residence on October 5, 2021.

14.     A corresponding list of all insurance policies covering the vehicles listed in response to NTP #13.

15.     Any and all treaties, articles, medical journals, literature or other documents which defense intends to rely upon at the time of trial in defending the claim of damages.

## <u>SUPPLEMENTAL NOTICE TO PRODUCE</u>

1.      The entire personnel file of Defendant, DONALD ROSS, JR.

2.      The entire human resources file of Defendant DONALD ROSS, JR.

3.      Defendant DONALD ROSS, JR.'s employment application and any notes or documentation regarding his interview for employment.

4. The entire qualification file or any file regarding any investigation into the qualifications of the Defendant DONALD ROSS, JR. before he was hired or retained.

5. Reports received or generated regarding Defendant DONALD ROSS, JR.'s safety record before he was hired.

6. Reports received or generated regarding Defendant DONALD ROSS, JR.'s safety record after Defendant DONALD ROSS, JR. was hired.

7. Reports received or generated regarding Defendant DONALD ROSS, JR.'s criminal background check before he was hired

8. Reports received or generated regarding Defendant DONALD ROSS, JR.'s criminal background check before after he was hired.

9. Defendant DONALD ROSS, JR.'s driving record secured by this Defendant before he was hired.

10. Defendant DONALD ROSS, JR.'s driving record secured by this Defendant at any time after he was hired.

11. Any documents regarding Defendant DONALD ROSS, JR.'s employment history.

12. Documentation regarding any contact with any prior employers of Defendant DONALD ROSS, JR. prior to hiring Defendant DONALD ROSS, JR..

13. All medical documentation in your possession regarding the health of Defendant DONALD ROSS, JR. including but not limited to any physicals, drug testing, vision testing, etc. or regarding Defendant DONALD ROSS, JR.'s physical condition at any time while employed by this Defendant.

14. Any and all documents regarding any safety tests taken by Defendant DONALD ROSS, JR..

15. The results of any safety tests taken by Defendant DONALD ROSS, JR..

16. Any and all documents regarding any reprimands, criticisms, or complaints as to Defendant DONALD ROSS, JR. at any time he was employed by this Defendant.

17. A copy of Defendant DONALD ROSS, JR.'s driver's license.

18. Documents regarding the completion, attempts or non-completion of any driving programs attended by Defendant DONALD ROSS, JR..

19. The entire drug and alcohol file of Defendant DONALD ROSS, JR. including, but not limited to, pre-employment, post-occurrence, random, reasonable suspicion and return to duty drug and alcohol testing results.

20. Any and all payroll and benefit records for Defendant DONALD ROSS, JR..

21. The entire safety performance file for Defendant DONALD ROSS, JR..

22. Any and all records of health insurance claims, disability claims, sickness or doctors' excuses or the entire medical records chart of the Defendant DONALD ROSS, JR. for three (3) years prior to the occurrence

23. All logs - official or unofficial - of Defendant DONALD ROSS, JR. for six (6) months prior to and thirty (30) days after the collision.

24. Any and all state and/or federal safety audits of Defendant DONALD ROSS, JR..

25. Any and all federal occurrence reports filed by Defendant DONALD ROSS, JR. for the year 2021 and for three (3) years prior to the occurrence.

26. All of the records of Defendant DONALD ROSS, JR. for the seven (7) days prior to the occurrence and for the day of the occurrence, which documents you are required to retain under 49 C.F.R. §395.8 (k) and subsequent DOT guidance and interpretation of "supporting documents":

    a.  Bills of lading;

b.  Carrier pros;

c.  Freight bills;

d.  Dispatch records;

e.  Driver call-in records;

f.  Gate record receipts;

g.  Weight/scale tickets;

h.  Fuel billing statements;

i.  Toll receipts;

j.  International registration plan receipts;

k.  International fuel tax agreement receipts;

l.  Trip permits;

m.  Lessor settlement sheets;

n.  Port of entry receipts;

o.  Cash advance receipts;

p.  Delivery receipts;

q.  Lumper receipts;

r.  Interchange and inspection reports;

s.  Over/short and damage reports;

t.  Agricultural inspection reports;

u.  Commercial Vehicle Safety Alliance reports;

v.  Occurrence reports;

w.  Telephone billing statements;

x.  Credit card receipts;

    y.   Driver fax reports;

    z.   On-board computer reports;

    aa.  Border crossing reports;

    bb.  Custom declarations;

    cc.  Traffic citations;

    dd.  Overweight/oversize reports and citations; and

    ee.  And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

27. Any and all cellular and telephone records, including bills of Defendant DONALD ROSS, JR., for the day of the occurrence and seven (7) days prior and seven (7) days after.

28. Copies of any and all fuel tax reports of Defendant DONALD ROSS, JR. for the month of the occurrence.

29. Any and all DOT inspection reports filed by Defendant DONALD ROSS, JR. for the year of the occurrence and three (3) years prior.

30. Any and all long form DOT physicals of Defendant DONALD ROSS, JR.

31. Any and all Seven Day Prior Forms or Eight Day Prior Forms pursuant 49 C.F.R. Section 395.8(j)(2) for Defendant DONALD ROSS, JR. for the month of this collision.

32. Produce any other file or documents regarding Defendant DONALD ROSS, JR. not previously requested above.

33. Produce any and all documents related to any Safety Meeting the Defendant DONALD ROSS, JR. attended and/or participate during his employ with YRC, INC.

34. Produce any and all Driver Employee Handbooks, Safety Instructions and/or other materials provided by YRC, INC. to Defendant DONALD ROSS, JR. during the course of his/her tenure with YRC, INC.

35. Produce any and all Accident Kit materials that are provided to Defendant DONALD ROSS, JR. by YRC, INC. at the time of the subject accident.

36. Any and all DOT and State inspections of the vehicle involved in the occurrence for the year of the occurrence and one (1) year prior.

37. Produce copies of any and all satellite communications and e-mail for the day of the occurrence and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

    a.  trip distance;

    b.  total vehicle driving time;

    c.  load factor;

    d.  vehicle speed limit;

    e.  maximum vehicle speed recorded;

    f.  number of hard brake incidents;

    g.  current engine speed (rpm);

    h.  maximum and minimum cruise speed limits;

    i.  total vehicle driving distance;

    j.  fuel consumption (gal./hr.);

    k.  idle time;

    l.  engine governed speed;

    m.  maximum engine speed recorded;

n.   current throttle position;

o.   brake switch status (on/off);

p.   odometer;

q.   trip driving time;

r.   overall fuel economy (MPG);

s.   average driving speed;

t.   number of engine overspeeds;

u.   number of vehicle overspeeds;

v.   current vehicle speed (MPH);

w.  clutch switch status (on/off); and

x.   clock.

38. All documents relating to information recorded by any type of Global Positioning System, such as Qualcomm, Highway Master, XATA or other such systems, regarding all vehicles driven by Defendant DONALD ROSS, JR. from April 5, 2021, through the date of accident.

39. All documents relating to information recorded by any type of Video Recording System, such as DriveCam, Safety Vision, or other such systems, regarding all vehicles driven by Defendant DRIVER for the period from April 5, 2021, through the date of accident.

40. All documents relating to information recorded by any type of Radar Collision Warning System, such as VORAD or other such systems, regarding all vehicles driven by Defendant DRIVER for the period from April 5, 2021, through the date of accident.

41. All documents or materials relating to any lane departure software systems (LDWS), such as Bendix Wingman® Safety Systems, Bendix Fusion™ Safety System, AutoVue® Lane Departure Warning System, OnLane™ Lane Departure System,

42. All documents relating to information recorded by any type of Accelerometer Recording System, such as Independent Witness, Inc.'s Witness or other such systems, regarding all vehicles driven by Defendant DRIVER for the period from April 5, 2021, through the date of accident.

43. Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Electronic Control Module (ECM) for any vehicle involved in the occurrence.

44. Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Airbag Control Module (ACM), Powertrain Control Module (PCM), and Roll Over Sensor (ROS) for any vehicle involved in the occurrence.

45. Copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from any and all Event Data Recorded (EDR) relating to any of the vehicles involved in the occurrence. An EDR means a device or function in a vehicle or remote of the vehicle that records any vehicle or occupant-based data just prior to or during a crash, such that the data can be retrieved after the crash.

46. Any and all maintenance records for the power-unit that was involved in the subject accident for one year prior to the accident.

47. Any and all maintenance records for the trailer or trailers that was involved in the subject accident for one year prior to the accident.

## NOTICE REGARDING DEFENSE MEDICAL EXAMINATIONS

Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of any defense

examinations. The plaintiff is not obligated under any Court Rule to bring any records, diagnostic films or other items to defense medical examinations. Therefore, any such request will be ignored.

Defendants are specifically put on notice that if any defense medical examiner requires such information, it should be provided to the doctor by defense counsel and not by the plaintiff. Additionally, the plaintiff will not be providing the defense medical examiner with any information other than to provide a valid photo identification for the purpose of verifying their identify. The plaintiff will not be filling out any paperwork at the time of the examination. Any paperwork required by the examiner should be completed by the defense counselor requesting the defense medical examination prior to the happening of the examination. If the defense counsel requires information that is not in their possession to complete said paperwork, the proper discovery requests should be made to plaintiff through their counsel.

**LEVINSON AXELROD, P.A.**
Attorneys for the Plaintiff, Charmaine Yanto

DAVID T. FERRARA, Esq.

Dated: May 20, 2021

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-001475-22

**Case Caption:** YANTO CHARMAINE  VS ROSS, JR.
DONALD

**Case Initiation Date:** 05/20/2022

**Attorney Name:** DAVID TULLIO FERRARA

**Firm Name:** LEVINSON AXELROD

**Address:** 2 LINCOLN HIGHWAY P.O BOX 2905
EDISON NJ 08818

**Phone:** 7324942727

**Name of Party:** PLAINTIFF : Yanto, Charmaine

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-
VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** YES

**If yes, list docket numbers:** UNN-L-4020-21

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Charmaine Yanto?** NO

**Are sexual abuse claims alleged by: JAMES C DELEON?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/20/2022
Dated

/s/ DAVID TULLIO FERRARA
Signed